**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | 4:00-cr-503-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Juan Garcia a/k/a Junior, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 30, 2002, the defendant filed a motion styled as a "motion for modification of sentence pursuant to 18 U.S.C. §3582(c)(i)." The government has not responded to the defendant's motion. This matter is before the Court for disposition.

The defendant moves to correct his sentence based on an alleged error committed during sentencing. Only 28 U.S.C. § 2255 authorizes a district court to grant this type of relief. Accordingly, the Court hereby advises the defendant of its intention to recharacterize the motion as one pursuant to § 2255. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002)(requiring notice to defendant before a district court, *sua sponte*, converts motion to amend criminal judgment into a motion under § 2255).

The defendant is directed to take notice of the restrictions on successive or second motions set forth in § 2244(a) and § 2255. A defendant must be careful to include all grounds for relief in an initial § 2255 motion because the ability to raise other grounds later have been limited by the following provisions:

(a)     No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment

of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In addition, the defendant should note the following 1-year period of limitations for filing a § 2255 motion:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Court therefore orders the defendant to respond to the Court's proposed recharacterization. Failure to respond within 60 days of the filing of this order will result in the original motion being recharacterized as a § 2255 motion and considered filed as of the date the original motion was filed.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 31, 2006
Charleston, South Carolina